```
1   Richard G. Grotch, Esq. - SBN 127713
    Alisha A. Beltramo, Esq. - SBN 267423
2   CODDINGTON, HICKS & DANFORTH
    A Professional Corporation, Lawyers
3   555 Twin Dolphin Drive, Suite 300
    Redwood City, California 94065-2133
4   Tel. (650) 592-5400
    Fax.(650) 592-5027
5   E-mail: rgrotch@chdlawyers.com

6   ATTORNEYS FOR Defendant
    US AIRWAYS, INC.
7
```

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ROBERT B. ST. CLAIR, | No. C-09-5871 JSW |
| 12          Plaintiff, | |
| 13  vs. | STIPULATION AND [~~PROPOSED~~] ORDER FOR PHYSICAL AND MENTAL EXAMINATION [FRCP 35] |
| 14  U.S. AIRWAYS, INC., a Delaware Corporation, et al., | |
| 15          Defendants. | |
| 16 _____/ | |

   IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel, that the Court be asked to issue an order requiring that plaintiff ROBERT B. ST. CLAIR appear for and participate in a psychiatric, neurologic and neuropsychologic examination and evaluation to be conducted by Mark H. Strassberg, M.D. and Ronald H. Roberts, Ph.D., on May 17, 2010, or on another date to be mutually agreed upon by the parties. The examination is to begin at 9:00 a.m and is scheduled to last a full day. It will take place at Dr. Strassberg's office, located at 2000 Van Ness Avenue, Suite 610, San Francisco, California 94109, tel. (415) 749-6820 and Dr. Roberts' office, located at 2000 Van Ness Avenue, Suite 512, San Francisco, California 94109, tel. (415) 776-2000.

///

///

///

Stipulation and [~~Proposed~~] Order Re Medical Examination
C 09-5871 JSW

Dr. Strassberg is Board Certified in Neurology and Psychiatry by the American Board of Psychiatry and Neurology, and Dr. Roberts is Board Certified by, *inter alia*, in Forensic Psychology by the American Board of Professional Psychology and the American College of Law and Psychology. Dr. Strassberg will perform a neurologic and psychiatric evaluation of the plaintiff which will include a mental status examination. Dr. Roberts will perform neuropsychological testing and will serve as a psychological consultant to Dr. Strassberg in the administration of these tests.

The examination will follow a common and accepted format for a standard psychiatry evaluation with psychological tests. It will involve no invasive, dangerous or painful physical procedures. The sole source of pain is usually only that level of distress ordinarily associated with the recall of psychologically and/or emotionally upsetting events and situations in the plaintiff's life.

The first part of the examination will be personally conducted by Dr. Strassberg in his office. It may consist of the following: the taking of the individual's personal and family history; a medical and psychiatric history; an educational and work history; a social, marital, relational, and recreational history, a medication and substance-use history; a history of the incident(s) resulting in the claims of psychological and/or emotional injuries and/or distress; a history of the changes over time in the claimant's psychological and/or emotional signs or symptoms since the onset of any psychological or emotional distress reportedly connected with the incident(s); the extent to which any psychological and/or emotional signs or symptoms interfere with the claimant's daily functioning; the history of any such interference over time; the psychological and/or emotional condition of the claimant as of the date of the evaluation; the relationship, if any, between the nature and intensity of any psychological and/or emotional signs or symptoms related to the claimed incident(s); any prior, contemporaneous, or subsequent experience of any psychological and/or emotional predisposing and/or distressing events in the individual's life; the claimant's usual daily schedule as of the time of the evaluation; whether the claimant evidences then-currently a need for psychiatric and/or psychological counseling or psychotropic medication for the alleviation or relief of any psychological or emotional signs or symptoms or any interference in daily functioning that might be connected with the incident(s); and the claimant's prognosis for the future. This will be

2

followed by a mental status examination and a physical exam to include examination of the patient's cranial nerves, strength, sensation, reflexes, balance and spine.

This first part of the examination is expected to last approximately three hours from 9:00 a.m. to noon. These three hours will be punctuated by at least two brief rest breaks.

With respect to the evaluation of the plaintiff's level of intellectual functioning, the WAIS-III may be administered. In the assessment of the plaintiff's neurocognitive status, portions of the following tests may be administered: WMS-III, COWA, VOT, TMT, WCST, WMT, TOMM and Stroop. With respect to an assessment of emotional functions and the plaintiff's personality, his personality status and attitude towards illness will be examined through the administration of the MMPI-2.

The persons allowed to be present for this examination will be limited to plaintiff and the examiners. Plaintiff will be allowed to tape record any interview portion of the examinations.

This stipulation is deemed to incorporate all of the provisions of Rule 35 of the Federal Rules of Civil Procedure. Defendant will make all documents associated with the examinations, which they receive, available to the plaintiff in a timely manner.

IT IS FURTHER STIPULATED that:

1. in connection with the examination, the plaintiff will not be required to fill out any questionnaires, except that the MMPI-2, a psychological test which is in the format of a "questionnaire," may be administered as described above;

2. the defendant will not rely upon the examiners' recitation or interpretation of statements made to them by the plaintiff concerning the mechanics of plaintiff's fall, for purposes of establishing that plaintiff was not injured as a result an "accident" as that term is construed for purposes of Article 17 of the treaty commonly known as the Montreal Convention;

3. there be no invasive or painful tests or studies including, but not limited to, those that require injection or dyes;

4. plaintiff will not be required to submit to any unnecessary imaging studies;

///

///

3

Stipulation and [Proposed] Order Re Medical Examination
C 09-5871 JSW

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers

5. plaintiff's counsel will receive in a prompt manner a copy of the written report or reports provided by Drs. Strassberg and Roberts and any test results generated by either of them; such items will be provided before the mediation on June 10, 2010; and

6. this examination will be the one and only mental and psychological examination of plaintiff in the absence of good cause shown for any additional examination of the same type and nature.

IT IS SO STIPULATED.

Dated: May 12, 2010　　　　　　　　　　　　DEMEO DEMEO & WEST

By: /s/ *John F. DeMeo*
　　John F. DeMeo
　　Attorneys for Plaintiff
　　Robert B. St. Clair

Dated: May 12, 2010　　　　　　　　　　　　CODDINGTON, HICKS & DANFORTH

By: /s/ *Richard G. Grotch*
　　Richard G. Grotch (*)
　　Attorneys for Defendant
　　US Airways, Inc.

(*)　I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: May 12, 2010

_____
Honorable Jeffrey S. White
United States District Judge